08-4189-ag
*Diawara v. Holder*

BIA
Sichel, IJ
A098 363 423

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of January, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROGER J. MINER,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

MAMA DIAWARA,
> *Petitioner,*

v.                                          08-4189-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, ET AL.,
> *Respondents.*

_____


FOR PETITIONER:        Brian I. Kaplan, New York, New York.

**FOR RESPONDENT:**          Tony West, Assistant Attorney
                             General; Michael P. Lindemann,
                             Assistant Director; Lyle D. Jentzer,
                             Senior Litigation Counsel;
                             Christopher C. Fuller, Senior
                             Litigation Counsel, Office of
                             Immigration Litigation, United
                             States Department of Justice,
                             Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART AND DENIED IN PART.

Mama Diawara, a native and citizen of the Ivory Coast, seeks review of a July 24, 2008 order of the BIA affirming the June 16, 2006 decision of Immigration Judge ("IJ") Helen J. Sichel denying Diawara's applications for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). *In re Mama Diawara*, No. A098 363 423 (B.I.A. July 24, 2008), *aff'g* No. A098 363 423 (Immig. Ct. N.Y. June 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where the BIA expressly adopts the IJ's findings and reasoning, as it did here, we review the decision of the IJ as if it were that of the BIA." *See Mei Chai Ye v. U.S.*

2

*Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007) (quoting *Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir. 2005)). The IJ's factual findings, including adverse credibility findings, are reviewed under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513, (2d Cir. 2009) (stating that "we uphold the IJ's factual findings if they are supported by 'reasonable, substantial and probative evidence in the record'" (quoting *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 116 (2d Cir. 2007))).

We lack jurisdiction to consider Diawara's challenge to the agency's pretermission of his asylum application. *See* 8 U.S.C. § 1158(a)(3) (explaining that no court shall have jurisdiction to review any determination of the Attorney General regarding the timeliness of an asylum application under section 1158(a)(2)(B)). Although we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), Diawara raises no such argument, essentially disputing the IJ's purely factual finding that Diawara's testimony regarding his date of entry was not credible. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (finding that a

3

question of law is *not* implicated "when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion").

With respect to Diawara's applications for withholding of removal and CAT relief, the IJ's adverse credibility determination is supported by substantial evidence. Contrary to Diawara's argument, the discrepancies that the IJ relied upon in making her adverse credibility determination were not ancillary.  To the contrary, the IJ reasonably questioned whether Diawara was actually from the Ivory Coast — the country where he was allegedly persecuted. For example, Diawara's national ID card listed his occupation as mechanic, an occupation Diawara never had.  A reasonable factfinder would not have been compelled to accept Diawara's explanation that his aspiration to one day become a mechanic explained this discrepancy.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Moreover, although Diawara claimed to have lived in the Ivory Coast for twenty-three years and testified that he was persecuted because of his imputed sympathies for the RDR ("Rassemblement des Republicaines" or "Rally of Republicans") party, he did not know that party's actual

4

name.  These and other discrepancies undermined Diawara's credibility and constituted the substantial evidence supporting the IJ's adverse credibility finding.

Because the IJ's adverse credibility determination was supported by substantial evidence, the IJ reasonably denied Diawara's application for withholding of removal and CAT relief, as both claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is dismissed as to Diawara's asylum claim and DENIED as to Diawara's withholding of removal and CAT claims.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

<pre>
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

                              By:_____
</pre>

5